UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL WILLIAM PILGER,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>　　　　Defendant(s). | Case No. 2:15-CV-1833 JCM (NJK)<br><br>ORDER |

Presently before the court is defendants National Default Servicing Corp. and Bank of America, N.A.'s ("BANA") motion to dismiss. (ECF No. 6). *Pro se* plaintiff Paul Pilger responded to the motion (ECF No. 10) and filed a motion to remand. (ECF No. 9). Defendants filed a reply and response. (ECF Nos. 11, 12).

**I.    Background**

a.  *Factual history*

This is a mortgage foreclosure lawsuit. Plaintiff is a Nevada resident. (ECF No. 4). In 2007, plaintiff obtained title to the property at 10410 Badger Ravine St., Las Vegas, NV 89178. (ECF No. 6-1). BANA loaned plaintiff $199,490.50 to purchase the property. (ECF No. 4). BANA is headquartered and incorporated in North Carolina. (ECF Nos. 12 at 1, 8). The loan is secured by a first position deed of trust. (*Id.*) BANA later substituted National Default Servicing Corporation ("NDSC") as trustee for the loan. (ECF No. 6). NDSC is headquartered and incorporated in Arizona. (ECF No. 12 at 2).

Plaintiff defaulted on his loan in November 2009. (ECF No. 4 at 4). As a result, NDSC recorded a notice of default and election to sell. (ECF No. 6-3). Plaintiff petitioned for mediation pursuant to NRS 107.086 and foreclosure mediation rule 5(4)(a). (ECF No. 4).

**James C. Mahan**
**U.S. District Judge**

The mediation was held on December 6, 2010. (ECF No. 1-7). After reviewing plaintiff's financial obligations and income, the mediator determined plaintiff did not qualify for a loan modification. (*Id.*). NDSC recorded the foreclosure mediation certificate and notice of trustee's sale. (ECF No. 6. at 6-4, 6-5).

b. *Procedural history*

Plaintiff filed a petition for judicial review of the mediation in Nevada state court. (ECF No. 18). The District Court denied the petition after a hearing, and directed the foreclosure to proceed. (ECF No. 1-9). Plaintiff then filed a notice of appeal with the Nevada Supreme Court. (ECF No. 1-10). The Nevada Supreme Court affirmed the lower court's decision. (*Id.*)

After the Nevada Supreme Court's affirmance, plaintiff filed a new complaint alleging wrongful foreclosure against the defendants. (ECF No. 17-15.). Defendant removed the action to this court. (*Id.*).

Plaintiff argues for three forms of relief based on a variety of claims: (1) that the court issue an injunction to stay BANA's foreclosure until defendant produces a valid promissory note, (2) that multiple signees to various transactional documents be brought forth to testify to the credibility of their signatures, and (3) a declaration that BANA violated NRS 107.080.

**II.     Legal Standard**

a. *Motion to remand*

Under 28 U.S.C. § 1441, "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 988 (D. Nev. 2005). Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears

**James C. Mahan**
**U.S. District Judge**

- 2 -

the burden of establishing that removal was proper by a preponderance of evidence." *Knutson* 358 F. Supp. 2d at 988 (citing *Gaus*, 980 F.2d at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996)).

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Second, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

For proper removal under the federal question theory, the complaint usually must state the federal question *on its face*. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (the federal question must be clear from the face of plaintiff's complaint in order for the court to have jurisdiction under 28 U.S.C. § 1331). However, a state created cause of action may be deemed to arise under federal law where: (1) the federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. *See Fitzgerald v. Celergy Networks, Inc.*, 67 Fed. Appx. 390, 391–92 (9th Cir. 2003).

b.  *Motion to dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (citation omitted).

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly,* 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.   Discussion

*a. Motion to remand*

Plaintiff moves to remand to state court because Nevada (1) has a compelling interest in adjudicating the merits of the case, and (2) the issue is governed by state law. (ECF No. 9). Defendant responds (1) that the court has subject matter jurisdiction, and thus (2) the court should not abstain from exercising it unless there is an exceptional circumstance. (ECF No. 12). Plaintiff does not claim that there is an exceptional circumstance. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Plaintiff concedes that this court has diversity jurisdiction. (ECF No. 9). Defendants are not residents of Nevada for diversity purposes, while plaintiff is. (*Id.* at 16, 17). Plaintiff further acknowledges that the amount in controversy is satisfied because the value of both the property and defaulted loan exceeds $75,000. (*Id.* at 27). Thus, defendant has established that removal was proper. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

    b. *Motion to dismiss*

Defendant argues that the complaint should be dismissed because (1) collateral estoppel precludes plaintiff's "produce the note" theory, (2) there is no statutory violation, and (3) the damages are premature. (ECF No. 6). Plaintiff argues collateral estoppel does not preclude his claim because (1) there was no valid judgment, (2) there are numerous statutory violations, and (3) he is entitled to note production. (ECF No. 10 at 24).

The court turns to the collateral estoppel claim first. Federal courts must give preclusive effect to state court judgments on questions of fact or law when a state court judgement would be binding to the state. *Allen v. McCurry*, 449 U.S. 90, 95 (1980). Judgments of administrative bodies that have attained finality are also collaterally estopped from readjudication. *Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991). The purpose of this rule is to promote comity between state and federal courts while avoiding re-litigation. *Id.* at 96.

Three elements must be met to bar a claim under collateral estoppel, (1) the issue at stake must be identical to one alleged in prior litigation, (2) the issue must have been actually litigated, and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment. *Town of North Bonneville v. Callaway*, 10 F.3d 1505 (9th Cir. 1993).

Plaintiff's request for production of an original promissory note is the issue at stake in all claims. He argues that his request for BANA's original note was not decided in the prior case. The court disagrees. The Nevada Supreme Court affirmed the state district court finding that BANA "had produced all required documents and mediated in good faith . . . ." (ECF No. 17-7 at 2). The Supreme Court found that BANA "produced certified copies of the note and deed of trust [which] establish [BANA] as both the original and current holder and beneficiary of the note and deed of trust, respectively." *Id.* at 3. Central to the courts judgment was a rejection of "Pilger's assertion

**James C. Mahan**
**U.S. District Judge**

that the district court erred in accepting [BANA]'s production as complete and adequate. . . ." *Id.* at 4-5

### IV. Conclusion

Plaintiffs request for remand is denied because this court has diversity jurisdiction. Further, plaintiff's complaint is dismissed because his claims are barred by collateral estoppel. The court will not allow plaintiff to re-litigate the promissory note issue. Plaintiff's claims under Nevada statutes also rely on the same issue decided by the state court. Therefore, defendant's motion to dismiss is granted, and plaintiff's complaint is dismissed with prejudice.

Accordingly,

IT IS HEREBY ORDERED, AJUDGED, AND DECREED that Bank of America, North America's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Paul Pilger's motion to remand (ECF No. 9) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the complaint in this matter (ECF No. 1-2) be, and the same hereby is, DISMISSED with prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED July 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**